IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE CLEVEN TOTTENHAM, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1468 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Willie Cleven Tottenham, proceeding *pro se*, filed this section 2254 habeas petition challenging his state conviction for aggravated assault on a public servant. Respondent filed a motion to dismiss based on expiration of limitations (Docket Entry No. 10), to which petitioner responded (Docket Entry No. 12.)

Based on a review of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this petition as barred by limitations.

*Background and Claims*

Petitioner was convicted of aggravated assault on a public servant on February 11, 2004, and sentenced to sixty years incarceration. The conviction was affirmed on direct appeal. *Tottenham v. State*, No. 14-04-00143-CR (Tex. App. – Houston [14th Dist.] 2005,

pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review on June 20, 2007.

On July 10, 2007, petitioner filed his first relevant application for state habeas relief; the application was dismissed on January 30, 2008, because his direct appeal was pending at the time he filed. On April 3, 2008, petitioner filed a second application for state habeas relief, which the Texas Court of Criminal Appeals denied on May 7, 2008.

Petitioner filed the instant federal habeas petition on May 4, 2009, raising claims for:

(1)   lack of evidence to support the conviction;

(2)   denial of due process during trial and on appeal; and

(3)   improper jury argument by the prosecution.

Respondent argues that the petition should be dismissed as barred by the applicable one-year statute of limitations.

*Analysis*

The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

The record shows that the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on June 20, 2007, and his conviction became final for purposes of the one-year limitation ninety days later, on September 18, 2007. Rule 13, SUP. CT. R. Absent tolling, limitations expired one year later, on or about September 18, 2008. Petitioner filed a state habeas application on July 10, 2007, but it was dismissed on January 30, 2008, because his direct appeal was pending at the time the petition was filed. This petition did not toll limitations. *See Larry v. Dretke*, 361 F.3d 890, 892, 894 (5th Cir. 2004). Petitioner's second state habeas application was filed on April 3, 2008, and denied on May 7, 2008. This second petition tolled limitations for thirty-five days during its pendency.

Thus, petitioner's federal habeas application was due by October 23, 2008. The instant petition, filed on May 4, 2009, is untimely.

In his response to the motion to dismiss, petitioner argues that respondent's motion "is absurd because the AEDPA, in all it's (sic) glory, is nothing more than a procedural default." (Docket Entry No. 12, p. 2.) Petitioner asserts that dismissing his petition would constitute a "miscarriage of justice" because he is actually innocent. Petitioner's argument is without merit. Neither the Supreme Court nor the Fifth Circuit Court of Appeals has recognized a "miscarriage of justice" exception to the AEDPA statute of limitations. The Fifth Circuit has held, however, that the AEDPA one-year limitations provision contains no exemption for a petitioner claiming actual innocence. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Nor does a claim of actual innocence constitute a "rare and exceptional circumstance" so as to justify the application of equitable tolling to overcome the time bar. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).

Petitioner does not establish that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly-recognized constitutional right upon which the petition is based, nor is there a factual predicate for a claim that could not have been discovered previously if petitioner had acted with due diligence. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D). Accordingly, there is no statutory or equitable basis to save petitioner's untimely federal petition.

*Conclusion*

Accordingly, the motion to dismiss (Docket Entry No. 10) is GRANTED and this petition is DISMISSED WITH PREJUDICE as barred by limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on April 8, 2010.

_____
Gray H. Miller
United States District Judge